IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 30, 2019

**HORIZON TRADES, INC. v. AUBREY GIVENS ET AL.**

**Appeal from the Circuit Court for Davidson County**
**No. 18C-10   William B. Acree, Senior Judge**

_____

**No. M2019-00323-COA-R3-CV**

_____

This is an appeal from an order dismissing the plaintiff's complaint as to one of two defendants. Because the order appealed does not dispose of all the plaintiff's claims, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and RICHARD H. DINKINS, JJ.

G. Kline Preston, Nashville, Tennessee, for the appellant, Horizon Trades, Inc.

Richard Glassman, Memphis, Tennessee, for the appellee, Aubrey Timothy Givens.

**MEMORANDUM OPINION[1]**

This appeal arises out of a complaint for malicious prosecution filed by Horizon Trades, Inc., d/b/a Best in Town ("Horizon"). The complaint names two defendants. One defendant, Shermane Stuart, was never served with process. The second defendant, Aubrey Givens, filed a Tenn. R. Civ. P. 12.02 motion to dismiss for failure to state a claim. On January 25, 2019, the trial court granted Mr. Givens's Tenn. R. Civ. P. 12.02

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

motion and dismissed the action as to Mr. Givens. The order states that Ms. Stuart has not been served with process, but that if Ms. Stuart were before the court, the court's ruling "would be the same as to any action against her." Horizon filed its notice of appeal on February 15, 2019.

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The January 25, 2019 order dismisses only the claims against Mr. Givens, not the claims against Ms. Stuart. The trial court's conditional statement regarding the claims against Ms. Stuart merely states what the court's ruling "would be" if Ms. Stuart were before the court. It does not dispose of the claims against Ms. Stuart, and is thus not a final judgment under Tenn. R. App. P. 3.

We acknowledge that the trial court's order states "[t]his is a final judgment pursuant to Rule 54 of the Tennessee Rules of Civil Procedure." Under Tenn. R. Civ. P. 54.02, the trial court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties. However, the trial court may do so "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Tenn. R. Civ. P. 54.02. The trial court's order does not contain the express determination and direction required by Tenn. R. Civ. P. 54.02.

The record on appeal was filed on June 6, 2019. After reviewing the record and determining that the order appealed was not final, this court ordered the parties either to 1) obtain a final judgment disposing of the claims against Ms. Stuart, 2) obtain an order directing the entry of a final judgment under Tenn. R. Civ. P. 54.02, or 3) show cause why the appeal should not be dismissed. Horizon has filed a one sentence response stating only that "it is proceeding against Shermane Stuart and that no further final order from the trial court will be filed." Horizon's response fails to show good cause why the appeal should not be dismissed.

The appeal is hereby dismissed without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings consistent with this opinion. The costs of the appeal are taxed to Horizon Trades, Inc.

PER CURIAM

- 2 -